1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY

| | |
|---|---|
| WILLIAM CONNOR, as personal representative of THE ESTATE OF BARBARA P. CONNOR, and on behalf of statutory beneficiaries William Connor, Robert Connor, Daniel Connor, Timothy Connor, and Wendy Okihara, <br><br>　　　　Plaintiffs, <br><br>　　　　v. <br><br>WALMART, INC., a foreign corporation doing business in the State of Washington as Walmart Store #3801; JOHN/JANE DOE INDIVIDUALS 1-10; JOHN/JANE DOE BUSINESSES 1-10, <br><br>　　　　Defendants. | Case No. <br><br>**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH** <br><br>Filing Fee: $240.00 |

COMES NOW the Plaintiffs, above named, by and through attorneys Leo P. Shishmanian and INDIAN CREEK LEGAL SERVICES, PLLC, and complains and alleges against the above-named defendants as follows:

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 1

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

## I. PARTIES

1.1    Barbara P. Connor, deceased, was at all material times relevant to this Complaint a resident of Snohomish County, Washington. Ms. Connor died from an infection that developed after surgery to repair a hip fracture caused by employees and/or agents of Defendant Walmart, Inc., while she was shopping at Walmart Store #3801 on December 5, 2019.

1.2    Plaintiff William Connor is currently and at all material times relevant to this Complaint has been a resident of Orondo, Douglas County, Washington, and the natural son of Barbara P. Connor. Plaintiff William Connor has been duly appointed personal representative of the Estate of Barbara P. Connor and brings this action on behalf of her Estate and the Estate's statutory beneficiaries William Connor, Robert Connor, Daniel Connor, Timothy Connor, and Wendy Okihara, for all survival and wrongful death claims related to the death of Barbara P. Connor pursuant to Title 4, Chapter 20 of the Revised Code of Washington.

1.3    Defendant Walmart, Inc. (hereinafter, "Defendant Walmart"), on information and belief, is a for-profit, foreign corporation authorized to do business, and actively doing business in the State of Washington.

1.4    Defendant Walmart is currently and was at all material times relevant to this Complaint doing business in the City of Marysville, Snohomish County, Washington, as owner, operator, occupier, controller, maintainer and manager of Walmart Store #3801.

1.5    Defendant Walmart's registered agent in the State of Washington is CT Corporation System, whose address is 711 West Capitol Way South, Suite 204, Olympia, Washington, 98501.

1.6    The true names of John/Jane Doe Individuals 1 through 10, and John/Jane Doe Businesses 1 through 10, are presently unknown to Plaintiffs but, on information and belief, are

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 2

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

responsible for causing Plaintiffs' damages. Plaintiffs reserve the right to amend this Complaint to add individuals/businesses as parties, and assert claims against the same, as their identities become known to Plaintiffs.

## II.  JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2.1     The incident that is the subject of this litigation occurred in Snohomish County, Washington. Therefore, venue is proper in Snohomish County pursuant to RCW 4.12.020(3).

2.2     This action was commenced within the time permitted by the applicable statutes of limitations.

2.3     Defendant Walmart has been properly identified by its legal name in this matter and has been properly served with this complaint and a corresponding summons.

## III.  FACTS

3.1     Barbara P. Connor was an 84-year old woman living at a senior living facility in Snohomish County in 2019. Barbara was living independently in her own apartment and enjoyed spending time with her family and friends. She also enjoyed trips to with her friends, riding the facility's shuttle bus from her apartment.

3.2     On or about December 5, 2019, Barbara rode the shuttle bus to Walmart Store #3801 in Marysville, Snohomish County, to shop as she had dozens of times before.

3.3     At all times while on the premises of Walmart Store #3801, Barbara was a business invitee shopping at the location to confer economic benefits on Defendant Walmart.

3.4     After shopping for some time inside the store, Barbara moved her shopping cart down a grocery aisle and saw an item on a lower shelf she wished to put in her cart.

3.5     As Barbara bent down to retrieve the item from its shelf, a Walmart employee pushing a loaded cart used for stocking merchandise crashed into Barbara's cart and knocked

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 3

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

Barbara to the ground causing her to land on her side and strike her head on the floor. Walmart employees responded to the scene and attempted to lift Barbara off the ground but dropped her, causing a second impact.

3.6     Barbara suffered a traumatic brain injury that manifested in cognitive difficulties, a right hip femoral head fracture that required surgery, and other bodily injuries.

3.7     The hip surgery Barbara required to repair the fracture carried with it several known and foreseeable risks, including the risk of developing an infection at the surgical incision site, on the replacement hardware, and/or elsewhere in her body.

3.8     Barbara was hospitalized for the surgery and a period of recovery and was eventually discharged to a rehabilitation facility.

3.9     The development of infection after surgery is a known and foreseeable risk for patients recuperating at rehabilitation facilities/hospitals.

3.10    While Barbara was recovering at the rehabilitation facility, aggressive infections developed in her right hip surgical site and in the incision.

3.11    Despite the efforts of medical and hospital staff to treat the infections, including but not limited to wound care therapy for her unhealed surgical wound, and a second operation on Barbara's hip, Barbara succumbed to her injuries and the resulting infections and died on January 25, 2020.

3.12    The cause of Barbara's death is officially listed as "Complications from mixed pseudomonas and proteus wound infection" secondary to the right hip surgery.

3.13    But for the injuries she sustained at Walmart Store #3801 through the negligent acts or omissions of employees or agents of Defendant Walmart, Barbara would not have required hip surgery that resulted in the deadly infection that caused her premature death.

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 4

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

## IV. NEGLIGENCE

4.1 Plaintiffs reaffirm and reallege the allegations made in paragraphs 1.1 through 3.13 as if fully set forth herein, and further allege as follows.

4.2 Defendant Walmart, through common law, statute, regulation and/or ordinance owed Barbara P. Connor a duty of care and to act reasonably, including to provide a safe shopping environment at Walmart Store #3801 and refrain from unreasonable and negligent acts or omissions. Defendant Walmart breached this duty by:

a. Failing to warn Barbara and other business invitees of potentially hazardous conditions represented by heavy carts used to transport merchandise to shelves and displays throughout their store;

b. Failing to properly train employees and agents in the proper use of merchandise carts and shopping carts;

c. Failing to properly supervise employees and agents in the proper use of merchandise carts and shopping carts;

d. Failing to ensure employees and agents use and operate merchandise carts and shopping carts properly and in a reasonable fashion;

e. Permitting employees and agents to use merchandise carts and shopping carts in a dangerous manner in the proximity of business invitees, including Barbara P. Connor;

f. Picking up Barbara and dropping her despite the fact they knew or should have known she had sustained injuries, including to her head;

g. Other acts or omissions not presently known to Plaintiffs but which constitute unreasonable conduct and a breach of duty owed to Barbara.

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 5

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

4.3     On information and belief, Defendant Walmart is and has been aware of acts and omissions similar to those alleged herein that have led to numerous injury-causing incidents caused by its employees and agents improperly and dangerously operating merchandise carts or shopping carts at Walmart locations throughout the United States.

4.4     As an owner and/or operator of thousands of stores generating hundreds of billions in annual revenue in the United States alone, Defendant Walmart knew or should have known of the importance of training and supervising its employees and agents, and that the acts or omissions alleged herein committed by its employees and agents were dangerous, represented an unreasonable risk of harm, and were likely to cause injury and damages to its business invitees, including Barbara P. Connor, due in part to Defendant Walmart's knowledge of similar injury-causing incidents at its stores.

4.5     Defendant Walmart, through its acts and omissions as alleged herein, failed to exercise reasonable care to protect its business invitees, including Barbara P. Connor, from the dangers such acts and omissions created and posed, and provide a safe environment for invitees.

4.6     As a direct and proximate cause of Defendant Walmart's acts and omissions as alleged herein, decedent Barbara P. Connor, her estate, and statutory beneficiaries were injured and suffered damages, including but not limited to economic damages, medical expenses, funeral expenses, and non-economic damages comprised of pain and suffering, anxiety, emotional distress, grief, mental anguish, and the destruction of parent-child relationships, loss of love, companionship and guidance, in amounts as will be proven at trial together with interest thereon at the statutory rate from the date of death or the date the expenses were incurred.

/ / /

/ / /

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 6

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

## V. SURVIVAL ACTION

5.1     Plaintiffs reaffirm and reallege the allegations made in paragraphs 1.1 through 4.6 as if fully set forth herein, and further allege as follows.

5.2     Plaintiff William Connor, as Personal Representative of the Estate Barbara P. Connor, has authority to bring an action on behalf of Barbara P. Connor, her Estate that survives her death, and the statutory beneficiaries pursuant to RCW 4.20.046.

5.3     As a proximate result of Defendant Walmart's wrongful acts and/or omissions, the Estate of Barbara P. Connor has sustained damages including but not limited to medical and funeral expenses, the conscious pain, suffering, anxiety, and fear of impending death experienced by Barbara P. Connor, and the loss of the accumulation of income, in such amounts as will be proven at trial together with interest thereon at the statutory rate from the date of death or the date the expenses were incurred.

5.4     As a proximate result of Defendant Walmart's wrongful acts and/or omissions, the statutory beneficiaries each have sustained noneconomic damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by the Barbara P. Connor in such amounts as will be proven at trial.

## VI. WRONGFUL DEATH

6.1     Plaintiffs reaffirm and reallege the allegations made in paragraphs 1.1 through 5.4 as if fully set forth herein, and further allege as follows.

6.2     Plaintiff William Connor, as Personal Representative of the Estate Barbara P. Connor, has authority to bring an action on behalf of the estate and himself and the other statutory beneficiaries of Barbara P. Connor pursuant to RCW 4.20.010 *et seq*.

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 7

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

6.3     As a proximate result of Defendant Walmart's wrongful acts and/or omissions, the Estate of Barbara P. Connor and the statutory beneficiaries each have suffered economic and non-economic damages, including those allowed by RCW 4.20.10 *et seq.*, and which include but are not limited to past medical expenses, past and future lose income or earning capacity, emotional distress, grief, mental anguish, fear of impending death, the destruction of parent-child relationships, loss of love, companionship and guidance, and pain and suffering in such amounts as will be proven at trial together with interest thereon at the statutory rate from the date of death or the date the expenses were incurred.

## VII.  PHYSICIAN-PATIENT PRIVILEGE

7.1     Plaintiff asserts the physician/patient privilege for 89 days following the filing of this complaint. On the 90th day following the filing of this complaint, Plaintiff hereby waives the physician-patient privilege pursuant to RCW 5.60.060(4)(b).

7.2     The waiver is conditioned and limited as follows: the Plaintiff (1) does not waive respective constitutional rights of privacy; (2) does not authorize contact with Barbara P. Connor's health care providers of any kind except by judicial proceeding authorized by the Rules of Civil Procedure; and (3) Defendants' representatives are specifically instructed not to attempt *ex parte* contacts with health care providers of the decedent Barbara P. Connor.

## VIII.  RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, jointly and severally, as follows:

1     For all damages sustained by Plaintiffs, including the Estate and all statutorily recognized beneficiaries, in amounts to be proven at trial, including but not limited to all past and future economic and non-economic damages allowed by RCW 4.20.10 et seq., and the

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 8

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com

common law, including past medical expenses, past and future lose income or earning capacity, emotional distress, grief, mental anguish, fear of impending death, the destruction of parent-child relationships, and pain and suffering;

      2      Interest calculated at the maximum amount allowable by law, including pre- and post-judgment interest;

      3      Reasonable attorney fees as allowed by law;

      4      Costs and disbursements pursuant to statute and/or court rule; and

      5      For such other and further relief as the court deems just, equitable and proper for Plaintiffs at the time of trial.

DATED THIS \_\_\_\_\_day of _____, 2020.

INDIAN CREEK LEGAL SERVICES, PLLC

_____
Leo P. Shishmanian, WSBA #24726
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH - 9

INDIAN CREEK LEGAL SERVICES, PLLC
P.O Box 426
Maricopa, AZ 85139
Telephone: (208) 999-1579
Facsimile: (888) 863-8852
E-file: admin@indiancreeklegal.com